*E-FILED - 3/25/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELISI FOKETI FONUA,<br><br>    Petitioner,<br><br>vs.<br><br>R.E. BARNES, Warden,<br><br>    Respondent. | No. C 09-3126 RMW (PR)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING<br><br>(Docket Nos. 11, 13) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Respondent has filed an answer. Pending before the court is petitioner's motion for leave to file an additional claim. Respondent has not opposed the motion.

In his motion, petitioner requests the court to include an ineffective assistance of counsel claim to his petition for writ of habeas corpus. Petitioner states that the claim was exhausted on March 11, 2009 in state court. Petitioner adds that allowing this supplemental claim does not violate the AEDPA's one-year statute of limitation and avers that his failure to include this claim in his original petition was an oversight.

The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a

Order Granting Motion for Leave to File Supplemental Pleading
P:\PRO-SE\SJ.Rmw\HC.09\Fonua126supp.wpd

1 proceeding. Mayle v. Felix, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Rule 15 applies to amendments to habeas answers as well. See Waldrip v. Hall, 548 F.3d 729, 731-33 (9th Cir. 2008). Public policy strongly encourages courts to permit amendments. See id. at 731. The court notes that there appears to be no suggestion of bad faith, undue delay, or prejudice to either party and, liberally construed, petitioner's allegation is sufficient to require a response. Cf. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Accordingly, the court GRANTS petitioner's motion.

Respondent shall file a supplemental answer within **sixty days** of the filing date of this order addressing petitioner's ineffective assistance of counsel claim. If petitioner wishes to file a traverse, he shall file his traverse **thirty days** thereafter, in response to both respondent's initial answer and supplemental answer.

## CONCLUSION

1. Petitioner's motion for leave to file a supplemental pleading is GRANTED.

2. The clerk shall serve by mail a copy of this order and the supplemental pleading (docket no. 12) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, a SUPPLEMENTAL ANSWER conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the supplemental answer and serve on petitioner a copy of all portions of the underlying state record that have been transcribed previously and that are relevant to a determination of the issue presented by the supplemental claim.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the supplemental answer is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the

1 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
2 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
3 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
4 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket nos. 11 and 13.

IT IS SO ORDERED.

DATED: 3/24/10

RONALD M. WHYTE
United States District Judge